IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>             Plaintiff,<br><br>             v.<br><br>FIRST STATE DEPOSITORY COMPANY, LLC, ARGENT ASSET GROUP, LLC, AND ROBERT LEROY HIGGINS,<br><br>             Defendants. | C.A. No. 22-1266-RGA |

**CLAIMANTS MARIA AND VERONICA CARROZZA'S JOINDER TO RECEIVER'S AMENDED MOTION FOR ORDER ESTABLISHING A DISTRIBUTION AND CLAIMS ADJUDICATION PROCESS**

       Claimants Maria and Veronica Carrozza (the "Carrozzas"), by and through their undersigned counsel, submit this joinder (the "Joinder") in support of the Receiver's Amended Motion for Order Establishing a Distribution and Claims Adjudication Process (D.I. 91) (the "Motion") and state as follows:

       1.      The Carrozzas are Compromised First State Depository Company, LLC ("FSD") Customers.[1] In 2011, the Carrozzas used their life savings to start a business. M. Carrozza Dec. ¶4 (attached as **Ex. A**). The Carrozzas sold their successful business in 2021. *Id.* ¶5. After researching retirement investment opportunities, the Carrozzas decided to invest the proceeds in hard assets, e.g., precious metals. *Id.*

       2.      The Carrozzas were introduced to Defendant Robert Leroy Higgins in 2022 through a mutual friend, and made three purchases of metals in February and March 2022 through

---

[1] Capitalized terms have the meanings ascribed to them in the Motion.

Defendant Argent Asset Group, LLC ("Argent"). *Id.* ¶6. The Carrozzas agreed with Higgins that their metals would be securely stored at FSD for a short period of time while they awaited completion of all of their orders. *Id*. ¶7.

3. Pursuant to the Carrozzas' written agreement with FSD (the "Agreement"), their metals were to be placed in a "custody account" solely "for the purpose of accepting, holding as custodian, reporting on, transferring and/delivering" the metals. *Id.* Thus, the Agreement gave FSD *no* ownership rights to the Carrozzas' metals – FSD was merely providing what was akin to a safety deposit box for safekeeping of the metals.

4. During the six months following the purchases, the Carrozzas e-mailed and texted Higgins almost daily, asking when their orders were going to be completed and ready for pick up. *Id.* ¶8. In October 2022, the Carrozzas learned that Higgins had been criminally charged for conduct involving Argent and FSD. *Id.* ¶9.

5. Since then, the Carrozzas have continually tried to get their metals back. *Id*. As a result of Defendants' actions, however, the Carrozzas lost a substantial portion of their investment, with the exception of those metals that FSD still has in its possession. *Id.* ¶¶6, 11

6. The Carrozzas planned to use the metals to fund their retirement, but now live in uncertainty as to whether they will have to go back to work. *Id.* ¶11. The Carrozzas are living in limbo while they wait for this matter to be resolved – their only solace being the belief that the metals remaining in their FSD account would be returned to them. *Id.*

7. On January 21, 2023, the Receiver filed the Motion, seeking to establish a distribution and claims adjudication process for the receivership. The Receiver advocates for a bifurcated distribution process that: (i) returns assets that FSD still holds to their rightful owners,

and (ii) compensates FSD Customers for any missing assets through a *pro rata* distribution of funds generated from a subsequent asset liquidation.  Mot. 3.

8. On February 6, 2023, the Commodity Futures Trading Commission ("CFTC") filed an Opposition to the Motion (D.I. 95).  In contrast to the Receiver's plan, the CFTC advocates for a singular *pro rata* distribution scheme, which would forego the return of assets held by FSD in favor of a wholesale liquidation and *pro rata* distribution process.  Opp. 1.

9. Defendants' actions caused the Carrozzas to lose a substantial portion of their holdings.  Carrozza Decl. ¶9.  The CFTC's proffered distribution plan now proposes the Carrozzas lose what is left.  Indeed, requiring a singular liquidation and *pro rata* distribution process would unfairly victimize the Carrozzas a second time.  *Id.* ¶10-12.  The Carrozzas are the rightful owners of the metals they purchased and that FSD continues to hold on their behalf.  *Id.* ¶¶5-7; Mot. 4-6.  The Carrozzas are thus entitled to their return from the Receiver – as are the other claimants whose metals FSD still holds.  Mot. 4-6.

10. In addition to supporting the Motion's proposal to return allocated assets to their rightful owners, the Carrozzas also support the Motion's proposal to establish three classes of FSD customers, as the proposed plan – including its classification of claimants – is fair to *all* the victims.  *Id.* ¶13.  Therefore, the Carrozzas respectfully request the Court enter an order granting the relief requested in the Motion and any other relief as is just and proper.

11. The Carrozzas reserve all rights to supplement, modify, and amend this Joinder and further reserve all rights as to the Court's consideration of the Motion.

| | |
|---|---|
| Dated: February 13, 2023 | */s/ Beth Moskow-Schnoll* <br> Beth Moskow-Schnoll (No. 2900) <br> Tyler B. Burns (No. 6978) <br> Ballard Spahr LLP <br> 919 N. Market Street, 11th Floor <br> Wilmington, DE 19801 <br> Tel: (302) 252-4465 <br> Email: moskowb@ballardspahr.com <br>         burnst@ballardspahr.com <br><br> *Counsel for Claimants* <br> *Maria and Veronica Carrozza* |