# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STATE DEPOSITORY COMPANY, LLC, ARGENT ASSET GROUP, LLC, AND ROBERT LEROY HIGGINS,<br><br>Defendants. | C.A. No. 22-1266-RGA |

**DECLARATION OF MARIA CARROZZA IN SUPPORT OF JOINDER TO RECEIVER'S AMENDED MOTION FOR ORDER ESTABLISHING A DISTRIBUTION AND CLAIMS ADJUDICATION PROCESS**

Pursuant to 28 U.S.C. § 1746, I, Maria Carrozza, declare and state as follows:

1. I am a Compromised FSD Customer as defined in the Receiver's Amended Motion for Order Establishing a Distribution and Claims Adjudication Process (D.I. 91) (the "Motion").

2. I have knowledge of the facts set forth herein and, if called upon as a witness, I could testify to them competently under oath.

3. I respectfully submit this Declaration in support of Claimants Maria and Veronica Carrozza's Joinder to the Motion.

4. In 2011, Veronica Carrozza and I used our life savings to start a business.

5. We sold our successful business in 2021. After researching retirement investment opportunities, we decided to invest the bulk of the proceeds in hard assets, e.g., precious metals.

6. We were introduced to Robert Higgins through a mutual friend in 2022, and made three purchases of metals in February and March 2022, through his company, Argent Asset Group, LLC ("Argent").

7. We agreed with Mr. Higgins that our metals would be securely stored at First State Depository Company, LLC ("FSD") for a short period of time while we awaited the completion of all of our orders. Pursuant to our written agreement with FSD, our metals would be placed in a "custody account" solely "for the purpose of accepting, holding as custodian, reporting on, transferring and/delivering" our metals.

8. During the six months following our purchases, we emailed and texted Mr. Higgins almost daily, asking when our orders were going to be completed and ready for pick up.

9. In October 2022, we learned that Mr. Higgins had been criminally charged for conduct involving Argent and FSD. Since then, we have continued to attempt to get our metals back. As a result of Mr. Higgins, Argent, and FSD's actions, however, we lost a substantial portion of what we invested, with the exception of those metals that FSDC still has in its possession.

10. We planned to use our metals to fund our retirement. Now we do not know if we will have to go back to work. We are living in a terrible state of limbo while we wait for this to be resolved.

11. Based on the report of Baker Tilley, the Receiver's accountants, a portion of our holdings are accounted for. We worked very hard to be able to purchase these metals, and we want what is rightfully ours returned to us – even if it is only a fraction of what we purchased. In fact, our only solace throughout this catastrophe was our belief that the metals found in our FSD account would be returned to us.

12. We've already been victimized by Mr. Higgins, Argent and FSD. If our metals that have been found are not returned to us, we would feel as though we were being victimized again.

13. In addition to supporting the Motion's proposal to return allocated assets to their rightful owners, we also support the Motion's proposal to establish three classes of FSD customers. We believe the proposed plan, including its classification of claimants, is fair to *all* the victims.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding.

Dated: February 11, 2023

By: /s/ Maria Carrozza
Maria Carrozza